NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRIAM MERCEDES GOMEZ HERNANDEZ; KAREN ALIZETH MENDOZA GOMEZ,<br><br>     Petitioners,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 15-72181<br><br>Agency Nos. A202-098-021<br>        A202-098-022<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2018[**]
Seattle, Washington

Before: BERZON, THACKER,[***] and HURWITZ, Circuit Judges.

 Miriam Mercedes Gomez Hernandez, along with her minor daughter

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

("Petitioners"), seek review of the Board of Immigration Appeals ("BIA") and immigration judge ("IJ") decisions denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition for review because the BIA and IJ decisions are supported by substantial evidence.

To be eligible for asylum, a petitioner must demonstrate she "is unable or unwilling to return to h[er] home country because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *C.J.L.G. v. Sessions*, 880 F.3d 1122, 1139 (9th Cir. 2018) (internal quotation marks omitted). "An applicant may establish a well-founded fear of future persecution in two ways: by proving past persecution, or by demonstrating that [s]he has a subjectively genuine and objectively reasonable fear of future persecution." *Id.* (internal quotation marks omitted).

1. Both the IJ and the BIA found that Petitioners did not suffer past persecution. Petitioners have provided no evidence compelling a contrary finding. Indeed, Gomez Hernandez admitted she had not been harmed, threatened, harassed, or attacked in any way in Guatemala.

2. We also reject Petitioners' arguments that they faced, and will face in the future, economic and societal discrimination in Guatemala that rises to the level of persecution. Our decisions recognizing economic harm as persecution have been

grounded in an individualized showing of harm. *See, e.g.*, *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 (9th Cir. 2004) (recognizing economic persecution where Israeli Marines "deliberately interfered" with petitioner's attempts to maintain a fishing business by destroying his fishing nets, frightening his crew, and making sure he received unwarranted citations); *Gonzalez v. INS*, 82 F.3d 903, 906, 910 (9th Cir. 1996) (same, where petitioner "was forced to liquidate her business because she was denied the card she would need from the Ministry of Commerce to buy inventory"); *see also Kovac v. INS*, 407 F.2d 102, 104, 107 (9th Cir. 1969) (ordering reopening of immigration proceedings where petitioner alleged economic harm based on Yugoslavian police "contact[ing] his employers and caus[ing] him to lose several jobs as a chef, and [being] turned away when seeking employment while others less qualified were hired"). Petitioners have not demonstrated individualized economic harm.

3. Petitioners also claim they are members of a disfavored group (that is, Maya who speak Mam), membership in which may establish a well-founded fear of persecution. *Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009). Even so, Petitioners were required to demonstrate that they, "in particular, [are] likely to be targeted as a member of that [disfavored] group," and "*some* evidence of individualized risk is necessary for the petitioner to succeed." *Id*. at 977–978 (internal quotation marks omitted) (emphasis in original). Petitioners have not made

that individualized showing.

4. We also reject Petitioners' argument that they have demonstrated a "pattern or practice of persecution against similarly situated individuals." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). "[W]e have required that petitioners alleging a pattern or practice of persecution by non-government actors also prove that the government is unable or unwilling to control those actors." *Id*. at 1180. Petitioners have not made this showing.

5. Finally, we reject Petitioners' argument that both the IJ and BIA violated their due process rights by not sufficiently explaining their reasoning or providing any meaningful analysis on the CAT claim. To the extent Petitioners make an argument regarding the IJ's decision, they failed to raise this issue on appeal to the BIA, and therefore, we may not address it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (because "due process challenge . . . was never presented below, we lack subject-matter jurisdiction to address it now"). To the extent they challenge the BIA's cursory dismissal of the CAT claim, the challenge is without merit. *See Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir. 1995) ("The adoption of a lower tribunal's reasons is a valid practice on review.").

**PETITION FOR REVIEW DENIED.**